## T. F. SLACK V. THE STATE.

### No. 10924.   Delivered June 8, 1927.

**1.—Carrying a Pistol—Search Without Warrant—Not Shown.**

Where appellant complains in a bill of exception that he was searched without a warrant, and his bill recites that upon the suggestion of his son the appellant voluntarily handed the pistol to the sheriff, no error is shown.

**2.—Same—Argument of Counsel—No Error Shown.**

Where the County Attorney stated to the jury in his argument "the sheriff testified that he took a gun off of the defendant; although he was given every opportunity to do so, the defendant offered no evidence to disprove it." It appears from the record that several witnesses, including appellant's son, were present but were not tendered as witnesses in his behalf.   Under these circumstances the remarks cannot be regarded as a reference to appellant's failure to testify.

**3.— Same — Argument of Counsel — Reference to Appellant's Failure to Testify—Rule Stated.**

In the case of Boone v. State, 90 Tex. Crim. Rep. 377, the rule is stated to be "The statute is not shown to have been infringed, however, by disclosing that counsel in argument used language which might be construed as an implied or indirect allusion to the failure of the accused to testify. To come within the prohibition the implication must be a necessary one, that is, one that cannot reasonably be applied to the failure of the accused to produce other testimony than his own.   Where there is other evidence, or the absence of other evidence to which the remarks may reasonably have been applied by the jury, the statute is not transgressed.

**4.—Same—Fear of Attack—No Defense.**

Appellant sought to justify the possession of the pistol upon the ground that he was in fear of an attack. The law formerly recognized such a defense, but the present statute was amended so as to omit it. See Art. 484, P. C., 1925.

Appeal from the County Court of Reeves County.   Tried below before the Hon. H. N. McKeller, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of $100.

The opinion states the case.

T. F. Slack in his own proper person, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully carrying a pistol is the offense, punishment fixed at a fine of $100.

No statement of facts makes known to this court the evidence

which was before the trial court. There are three bills of exceptions. The first bill complains of the search without a warrant. The recitals in the bill negative the claim that there was a search of the appellant's person. It appears therefrom that upon the suggestion of his son, the appellant voluntarily handed the pistol to the sheriff.

Bill No. 2 complains of the following remarks of counsel for the state:

"The sheriff testified that he took a gun off of the defendant; although he was given every opportunity to do so, the defendant offered no evidence to disprove it."

From the bill it appears that the appellant had offered no evidence justifying his act. It does not appear from the bill that there were not other persons available to the appellant by whom he might have contradicted the state's testimony had he desired to do so. On the contrary, the recitals in bill No. 1 show that the appellant's son and other persons were present and witnessed the transaction upon which the prosecution was based. Based upon many precedents, the rule was thus stated in Boone's case, 90 Tex. Crim. Rep. 377:

"The statute is not shown to have been infringed, however, by disclosing that counsel, in argument, used language which might be construed as an implied or indirect allusion to the failure of the accused to testify. To come within the prohibition the implication must be a necessary one, that is, one that cannot reasonably be applied to the failure of the accused to produce other testimony than his own. Where there is other evidence, or the absence of other evidence to which remarks may reasonably have been applied by the jury, the statute is not transgressed."

The above principle would control in the present case.

Bill No. 3 complains of the refusal of the court to receive evidence attempting to justify the possession of the pistol upon the ground that the appellant was in fear of an attack. The law formerly recognized such a defense, but the statute has been amended so as to omit it. See Art. 484, P. C., 1925.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*