**Ivory THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42606.**

Court of Criminal Appeals of Texas.

Feb. 25, 1970.

Lawrence Arnim, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell and Joseph W. Doucette, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The offense is unlawfully carrying a pistol (Art. 483, V.A.P.C.).

Two prior convictions for a like offense were alleged for enhancement of punishment (Art. 61, P.C.).

Tried before a jury on a plea of not guilty, appellant was found guilty. Upon his election the same jury found that he had been previously convicted as alleged and assessed the punishment at 30 months in jail.

The two grounds of error relate to the defense upon which appellant sought to rely and had presented to the jury, namely that he armed himself with the pistol and went to demand an explanation from one who had threatened to take his life or to inflict serious bodily injury upon him.

Such is not a defense to the offense of carrying a pistol. Ewalt v. State, Tex.Cr. App., 363 S.W.2d 279; Slack v. State, 107 Tex.Cr.R. 263, 296 S.W. 309.[1]

The judgment is affirmed.

MORRISON, J., not participating.

1. The provision that the statute making it unlawful for one to carry on or about his person a pistol should not apply "to one who has reasonable ground for fearing an unlawful attack upon his person, and the danger is so imminent and threatening as not to admit of arrest of the party about to make such attack, upon legal process" was eliminated by the amendment of Art. 476 P.C. (1911) by Acts of 1918, 4th C.S., Ch. 91, Sec. 1, and is not a part of the present Penal Code.