[Crim. No. 13244. Second Dist., Div. Two. May 5, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER DANIEL BOGART et al., Defendants and Appellants.

## COUNSEL

Bertram H. Ross, under appointment by the Court of Appeal, for Defendants and Appellants.

Barry H. Lawrence as Amicus Curiae on behalf of Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

McMURRAY, J.*—Peter Daniel Bogart, an attorney in this state, and his wife June Bogart were charged by indictment on February 27, 1964, with 40 counts of felony. After motions under section 995 of the Penal Code resulted in 16 counts being dismissed as to Peter Bogart and two counts being dismissed as to June Bogart, the People appealed from such orders, but proceeded to prosecute the remaining counts of the indictment.

Motion to place proceedings off calendar pending determination of the appeals from the orders dismissing the various counts was denied; Peter Bogart's demurrer to the indictment was overruled and, after due arraignment of defendants with counsel, defendants pleaded, "not guilty" and "once in jeopardy."

Peter Bogart sought and was denied a writ of prohibition. After trial by jury was waived by defendants and their counsel six counts were dismissed by the trial judge as to each of the defendants. The court trial resulted in conviction of Peter Bogart on six counts, three of grand theft violations of Penal Code section 487, subdivision 1 and three of forgery of fictitious name, violations of Penal Code section 470. June Bogart was found guilty of nine counts, four of grand theft, violations of Penal Code section 487, subdivision 1, (two of these counts involved thefts from the Department of Employment of the State of California by fraud), four of forgery of fictitious name, violations of Penal Code section 470, and one of forgery of fictitious endorsement, violation of Penal Code section 470. Both defendants were found not guilty of the remaining counts of the indictment. After denial of motions for new trial, arrest of judgment and probation, defendants were sentenced to state prison for the term prescribed by law sentences to run concurrently. This appeal followed.

On March 26, 1965, prior to the commencement of the trial, appellants petitioned for removal of the state prosecution to the United States District Court under title 28 U.S.C. sections 1443 and 1446 on the alleged grounds that they had been denied equal protection under the laws and could not enforce in the state courts their civil rights as guaranteed to them under the Constitution and laws of the United States.

Appellants' petitions for removal were denied by the United States District Court and orders remanding each appellant's case to the superior court and certified copies of such orders were filed with the Los Angeles

---

*Assigned by the Chairman of the Judicial Council.

County Clerk.[1] The record does not contain any notice to the state court of any appeal in the federal courts, but does indicate that such appeal was taken.

On April 19, 1965, the United States District Court denied a stay of the remand order. On May 10, 1965, the United States Court of Appeals, Ninth Circuit, denied a stay of all proceedings in the state court pending a hearing of the appeal in that court.

On May 28, 1965, the trial was concluded in the state court.

On August 17, 1965, the date set for judgment, appellants were granted a continuance by the trial court to September 28, 1965, to prepare affidavits for motion for new trial. They instead petitioned for a stay in the United States Supreme Court and on September 4, 1965, Associate Justice William O. Douglas of the Supreme Court of the United States ordered that the order of the district court remanding the cause to the Superior Court of the State of California, be stayed pending the timely filing of an appeal in the United States Court of Appeals for the Ninth Circuit, such stay to continue in effect upon the disposition of the appeal.

There is no record in the superior court files that this stay order was ever served upon the Superior Court of the State of California in and for the County of Los Angeles, although a copy was admittedly shown to the trial judge on September 28, 1965.

On October 6, 1965, the United States Court of Appeals for the Ninth Circuit issued an order restraining and enjoining the People of the State of California and the Superior Court of the State of California in and for the County of Los Angeles from giving any force or effect to the judgment or judgments of conviction entered on September 28, 1965 and from taking any further proceedings in that action until the expiration of the stay granted by the Honorable William O. Douglas, or until further order from the United States Court of Appeals. The United States Court of Appeals further ordered that the appeal be expedited.

On January 13, 1966, the order of the federal district court remanding the cause to the state court, was affirmed by the United States Court of Appeals for the Ninth Circuit. A rehearing was denied on February 21, 1966 and on October 10, 1966, the Supreme Court of the United States made an order in the case of *Bogart* v. *California,* No. 226 Misc., 385 U.S. 888 [17 L.Ed.2d 117, 87 S.Ct. 132], denying certiorari and other relief.

---

[1]We have taken judicial notice of the Los Angeles County Clerk's file pursuant to the provisions of section 459 of the Evidence Code.

On November 10, 1967, appellants moved in this court for an order remanding the cause to the trial court with instructions to set aside the order denying the motion for a new trial and the judgments entered by the trial court on September 28, 1965, on the grounds that at the time the trial court denied appellant's motions for new trial and entered judgment the trial court had no jurisdiction to so act, and acted without jurisdiction in view of the fact that a stay of all proceedings had been entered on September 4, 1965, by the Honorable William O. Douglas, Associate Justice of the United States Supreme Court.

On December 14, 1967, the November 10th motion was denied. On January 3, 1968, an application to reconsider was denied. On February 8, 1968, a hearing in the state Supreme Court was denied, and on May 20, 1968, certiorari was denied in *Bogart* v. *California,* No. 1221 Misc., 392 U.S. 298 [20 L.Ed.2d 1116, 88 S.Ct. 2070].

The appellants first urge that the court had no jurisdiction to enter the judgments or deny appellants' motions for new trial in that there was exclusive federal jurisdiction at that time. Second, appellants contend that the trial court had no jurisdiction to try appellants under state law, as the People in electing to appeal the granting of the section 995 motions were estopped from appealing and prosecuting at the same time. Third, appellants urge that the trial judge committed prejudicial error and denied appellants a fair and impartial trial. Fourth, it is contended that the court erred in permitting the receipt in evidence of records in violation of sections 1094 and 2111 of the Unemployment Insurance Code of the State of California. Fifth, appellants state that the judgments are based in part on perjured evidence known to be such by the law enforcement agents who participated in the prosecution of the case. Sixth, appellants complain that the defense conducted for the appellants was a sham and they were denied their constitutional rights to appear and defend by counsel.

Counsel for appellants has commendably, professionally and wisely restricted his argument to the cited contentions of the appellants, and does not urge a detailed review of the evidence, realizing that there was conflict therein and that the determinations of fact of the trial court would be binding upon this court.

The record before us supports the findings of the trial court showing that the appellants obtained merchandise from various stores and merchants through misrepresentations and assuming of fictitious names. The prosecution showed that appellants rented an apartment in an area remote from their home under fictitious names, purchased merchandise from various stores on credit, had the same delivered to that address, and thereafter, surreptitiously removed the personal property to their home and were in

possession of various articles of such personal property at the time they were arrested.

Two counts in the indictment relating to grand theft are based upon the fraudulent collection of unemployment insurance payments under fictitious names. These were both in reference to the appellant June Bogart.

The record before us shows that June Bogart obtained monies from the Department of Employment by false representations; it further shows that there was a grand theft committed by her in company with her husband upon Seibu Department Store by giving false credit information and obtaining valuable furniture on the basis of such false information; the evidence also shows that June Bogart in company with her husband was guilty of forgery of a fictitious name by using fictitious names in dealing with J. W. Robinson's Store; that June Bogart was also guilty of forgery of a fictitious name in two instances in dealing with J. W. Robinson and obtained valuable property through such misrepresentations; also June Bogart, together with Peter Bogart, was guilty of forgery of a fictitious name in credit dealings with Butler Bros. Inc., in two transactions; that grand theft under Penal Code section 487, subdivision 1 was perpetrated by the two appellants upon the May Company; and that appellant Peter Bogart was guilty of grand theft, a violation of Penal Code section 487, subdivision 1 in obtaining a washing machine from Sears, which was of a value of over $200.

■ It is appellants' contention that the trial court had no jurisdiction to try them under state law as the People had elected to appeal the granting of a motion under section 995 of the Penal Code. In this instance appellants rely exclusively on the case of *Anderson* v. *Superior Court,* 66 Cal.2d 863, 864 [59 Cal.Rptr. 426, 428 P.2d 290], and in addition appellants contend that the trial court had no jurisdiction to impose judgment or deny appellants' motion for new trial in that there was exclusive federal jurisdiction at that time.

Appellants' argument that the appeal from the orders granting their motions under Penal Code section 995 deprived the trial court of jurisdiction to proceed with the trial of the other counts of the indictment is based upon *Anderson* v. *Superior Court, supra.* They interpret that case to hold that the People should either have elected to forego the appeal on the counts that were dismissed, or to withhold trying appellants until there had been a determination of the appeal. It does not, however, appear that the superior court was not correct in severing the other counts from those which were affected by the appeal of the 995 motions and proceeding to trial on the remainder of the counts in the indictment. Section 954 of the

Penal Code fortified by *In re Pearson,* 30 Cal.2d 871, 873-874 [186 P.2d 401], persuades us of the propriety of the trial court's proceeding.

*Anderson* v. *Superior Court, supra,* relied upon by the appellants, holds that the People may simultaneously file an appeal from the dismissal of a first pleading and seek a new accusation but that they must elect between these two courses of action, either when the second accusation has survived a motion under section 995, or at the time of arraignment for plea, whichever event occurs first. The court in *Anderson* merely recognizes the general rule that an appeal from an order in a criminal case removes the subject matter of the order appealed from the jurisdiction of the trial court. At bench, however, the counts upon which appellants were tried were unaffected by the section 995 orders appealed. The People have the right to have the sufficiency of the indictment tested in an appellate court by appeal which in no way is in conflict with the trial of other charges contained in the indictment. What the outcome of any subsequent trial may be on the counts which were affected by the appeals from the orders made under Penal Code section 995 does not here concern us. The trial court was not deprived of jurisdiction to try those counts which were not on appeal.

Appellants further contend that the judgment pronounced by the trial court was a nullity because exclusive jurisdiction was in the federal court at that time by reason of a removal petition. Respondent asserts that jurisdiction was in the superior court under the United States District Court remand order.

The question resolves itself into one of whether or not federal jurisdiction returned to the federal courts automatically with the Supreme Court stay order or whether jurisdiction remained with the state courts until such time as the federal courts enjoined the state courts from exercising the jurisdiction already returned through the prior remand order.

 It is clear that a removal petition deprives the state court of jurisdiction as soon as filed and served upon the state court, but that jurisdiction returns to the state court when a remand order is filed and served on the state court, unless that order is stayed. (*Dauenhauer* v. *Superior Court,* 149 Cal.App.2d 22, 24-26 [307 P.2d 724]; *People* v. *Mason,* 259 Cal.App.2d 30, 42-44 [66 Cal.Rptr. 601]; *United States* v. *Rice,* 327 U.S. 742, 749 [90 L.Ed. 982, 986-987, 66 S.Ct. 835].) In this case the federal courts had denied all stays until after the trial in the state court had ended and judgment had been twice continued to a later date. The opinion in *People* v. *Mason, supra,* at pp. 41-42, is extremely helpful. It is there said: "Defendant's chief contention is that the trial court was without jurisdiction to proceed with the trial.

"By two separate petitions, defendant had duly moved to remove the

case to the federal court pursuant to section[s] 1443 and 1446 of title 28 of the United States Code. A hearing was held on his removal petitions, the federal court denied relief and ordered the cases remanded to the state court. Defendant duly filed notices of appeal from those orders. When the case was called for trial, he brought these proceedings to the attention of the trial court and objected to the trial continuing. His contention was summarily rejected.

"Although the matter is by no means free from doubt, we conclude that the pendency of the federal appeal did not, in and of itself, serve to oust the state court of jurisdiction to proceed with the trial."

It is interesting to note that in the case above quoted it is stated emphatically that any doubts concerning removability should be resolved in favor of state court jurisdiction. ▆▆▆ The remand order here from the United States District Court was in effect during the entire trial and up to the date of the last appearance. The failure to communicate the final stay order to the trial court in a legal and proper manner after it was issued by Mr. Justice Douglas, appears to justify the action of the trial court in proceeding to pronounce judgments and in denying the motions for new trial. That stay order was directed only to the federal courts and it was not until the Circuit Court of Appeal enjoined the further enforcement of the judgment in the state courts and gave proper notice thereof that any stay order was directed to the trial court. By indirection, the federal circuit court recognized that since the Supreme Court order only stayed the remand of the district court to the state court and was thus directed only to the United States District Court, it was not considered binding by or on the California courts and on the trial judge. The United States Court of Appeals did not reflect any discredit on such a conclusion or seek to nullify it as it well might have, but acknowledged that the Supreme Court had merely acted to stay the remand of the United States District Court until such time as it enjoined further proceedings and the enforcement of judgment. (*Bogart* v. *People of State of California,* 355 F.2d 377, 379-382.) It would be unwise to adopt a rule which recognizes that a stay order is automatic immediately upon its issuance even though not communicated to the court against which such order is operative. ▆▆▆ While federal courts may join the state courts in aid of their jurisdiction, they cannot and will not until removal of the cause is effected to their court. Furthermore, the federal court respects all orders and judgment had in any action in a state court prior to removal and treats everything that occurred in the state courts as if it had taken place in the federal court. (*Allied Tire Sales, Inc.* v. *Kelly-Springfield Tire Co.,* 277 F.Supp. 21, 23; *Butner* v. *Neustadter,* 324 F.2d 783, 785-786.) The United States Court of Appeals in this case treated the judgment as valid and only enjoined its enforce-

ment pending appeal of the remand order. That appeal was expedited and this was undoubtedly in accordance with the policy of refusing a stay removal order where there are no probable grounds for appeal. (*Poore* v. *State of Ohio,* 243 F.Supp. 777, 780-782.) ■ The judgments, the subject of this appeal, were valid judgments at the time of their pronouncement, since the federal court had not reclaimed jurisdiction and the remand order theretofore made remained in effect until such time as the order of the United States Court of Appeals was transmitted to the trial court.

■ Counts two and seven of the indictment charged June Bogart with grand theft, violations of Penal Code section 487, subdivision 1, and she was convicted thereof. However, since the date of the trial *People* v. *Gilbert,* 1 Cal.3d 475 [82 Cal.Rptr. 724, 462 P.2d 580], and *People* v. *Koch,* 4 Cal.App.3d 270 [84 Cal.Rptr. 629], compel reversal of her conviction on these counts. The record reveals that the grand thefts there charged arose from fraudulent representations made to the Department of Employment of the State of California and should, therefore, have been charged as misdemeanors under the provisions of Unemployment Insurance Code section 2101 rather than as grand theft since the special provision of the Unemployment Insurance Code must prevail over the general provision of the Penal Code.

Appellants' contention that the judgments are in part based upon perjured evidence known to be such by the law enforcement agencies who participated in the prosecution of the case is directed toward a part of the testimony given by the People's handwriting expert relative to certain reference material which he stated that he had consulted in respect to testimony relating to appellant Peter Bogart. Appellant has appended excerpts from this reference material to his brief and asks this court to compare it with the expert's testimony.

The appellant cannot here supplement the record by means of his application to produce additional evidence on appeal. (See *People* v. *Carmen,* 43 Cal.2d 342, 349 [273 P.2d 521].) The evidence cited as being perjurious constitutes only a small part of the expert's testimony and in fact does not show perjury but at most a conflict in the witness's testimony.

■ Both appellants contend that appointed counsel were incompetent in both ability and diligence, focusing mainly on the failure to secure the attendance of a witness from Arizona who, they allege, would testify that the records of the Old Faithful Inn in Phoenix, Arizona, reflected that appellants and their children were registered in that motel upon a critical date in this prosecution; namely, the date upon which appellants had rented the apartment which they used as a storehouse for the furniture which they purchased through fraudulent credit statements and under fic-

titious names. The failure of counsel to call such a witness is within the purview of cases such as *People* v. *Widener,* 220 Cal.App.2d 826, 829 [34 Cal.Rptr. 130], and appellants' criticism of counsel amounts to no more than a hindsight opinion that some different tactic should have been employed. This is not ground for reversal. The criticism of counsel in this case is unjustified and the record reflects that the lawyers who represented the appellants were experienced, able practitioners who presented their clients' case as well as could be done in view of the facts of the prosecution.

▇ Appellants contend that the trial judge was disqualified under section 170 of the Code of Civil Procedure to preside over the motion for a new trial on the grounds that he gave advice to the prosecution or was biased and prejudiced against appellants and was ill. At the hearing for motion for a new trial which was on August 17, 1965 the trial court considered a declaration of appellant Peter Bogart alleging bias and prejudice under the Code of Civil Procedure section 170. The trial court noted that the declaration was filed independent of counsel, ruled that it was not timely filed, and struck it from the files. Appellant also states that another declaration of bias and prejudice was physically destroyed by the judge. More than two months had elapsed from the date of the conclusion of the actual proceedings at trial and the filing of any declaration whether a declaration of Peter Bogart dated August 2, 1965 or another dated August 11, 1965 be considered. Under the provisions of Code of Civil Procedure section 170 the grounds of disqualification must be raised at the earliest practicable opportunity after discovery of the disqualifying facts. (*Oak Grove School Dist.* v. *City Title Ins. Co.,* 217 Cal.App.2d 678, 703 [32 Cal.Rptr. 288]; *People* v. *Pratt,* 205 Cal.App.2d 838, 844 [23 Cal.Rptr. 469]; *People* v. *Wade,* 150 Cal.App.2d 281, 285 [309 P.2d 841]; *People* v. *Purta,* 259 Cal.App.2d 71, 75 [66 Cal.Rptr. 38]; *People* v. *Sweet,* 19 Cal.App.2d 392, 395-396 [65 P.2d 899].) The declarations were properly stricken.

A reading of the entire record convinces us that the trial court was patient, attentive and fair and was alert and perceptive throughout the trial.

The judgment as to counts two and seven are reversed as to June Bogart and in all other respects the judgment is affirmed. The judgment as to Peter Bogart is affirmed.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied May 25, 1970, and appellants' petition for a hearing by the Supreme Court was denied July 1, 1970. Wright, C. J., did not participate therein.