Filed 7/14/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DAVID VALLE,<br><br>  Defendant and Appellant. | 2d Crim. No. B338909<br>(Super. Ct. No. 23F-05814)<br>(San Luis Obispo County) |

A prisoner who has a 14-inch by 1-inch hard non-flexible piece of plastic, sharpened to a point, is a danger to other prisoners and prison officials.  This is a lethal weapon.  As we shall explain, it is a crime to possess such an instrument in prison.

David Valle is serving a sentence of life in prison without the possibility of parole.  He appeals his conviction, by jury, of possessing a sharp instrument in prison.  (Pen. Code section 4502.)[1]  The trial court sentenced him, as a third-strike offender, to a term in prison of 25 years to life.  Appellant contends section 4502 is unconstitutionally vague, both facially

---

[1] All further statutory references are to the Penal Code.

and as applied to him, because it does not sufficiently define the term, "sharp instrument."  We affirm.

*Facts*

Appellant is an inmate at the California Men's Colony.  He was previously convicted of kidnapping (§ 209, subds. (a), (b)(1)), conspiracy (§ 182, subd. (a)), first degree attempted murder (§§ 664/187, subd. (a)), first degree robbery (§ 211), carjacking (§ 215, subd. (a)) and dissuading a witness by force or fear.  (§ 136, subd. (c).)  In December 2022, a corrections officer searched his cell, along with every other cell on the tier where appellant was housed.  The officer found fragments of a plastic food tray after unrolling appellant's mattress.  One of the fragments measured about 14 inches long and 1 inch wide and had been sharpened to a point.  The officer also found several metal fragments from a stainless steel shower valve cover.  Some of these metal pieces had been concealed inside an N95 mask and others were hidden inside a greeting card in appellant's mail.  The officer also found a heavy, folded metal sheet, eight inches by five inches.

The corrections officer described the sharpened plastic fragment as a weapon that resembled a spear or a knife.  The plastic was "[not] flexible," and had been "fashioned into a device that can be used for stabbing."  He explained that metal can also be fashioned into a weapon, so inmates are forbidden to keep metal fragments in their cells. The officer opined that the items recovered from appellant's cell could be used as weapons.  He believed it was most likely that appellant kept them to protect himself from other prisoners.

When told that contraband had been found in his cell, appellant said, "'It took you guys long enough.  That stuff's been

in there for about a year.'"  He further stated that he had the weapons to "prove a point" to prison investigators.  At trial, appellant admitted having the items in his cell but claimed he could not remember why.

*Discussion*

We review appellant's constitutional challenge de novo and reject it.  (*California Cannabis Coalition v. City of Upland* (2017) 3 Cal.5th 924, 934.)  Section 4502 provides that it is a felony for any person "while at or confined in any penal institution," to possess, carry or have "under his or her custody or control, any instrument or weapon . . . ."  (*Id.*, subd. (a).)  The statute then provides a long list of prohibited weapons including firearms, tear gas, explosive substances, metal knuckles, and, as relevant here, "any dirk, dagger or sharp instrument . . . ."  (*Ibid.*)  It does not include a definition of the term "sharp instrument."  Appellant contends this omission renders the statute unconstitutionally vague because "sharp" and "instrument" both have numerous meanings in common usage so it is not possible to determine which items fall within the scope of the statute.  The purpose of the statute is protection of inmates and prison officials against assaults by armed prisoners.  (*People v. Steely* (1968) 266 Cal.App.2d 591, 595 (*Steely*); *People v. Wells* (1968) 261 Cal.App.2d 468, 478.)

Due process requires that a criminal statute must "'"'be definite enough to provide (1) a standard of conduct for those whose activities are proscribed and (2) a standard for police enforcement and for ascertainment of guilt.'" [Citations.]'" (*People v. Morgan* (2007) 42 Cal.4th 593, 605; quoting *Williams v. Garcetti* (1993) 5 Cal.4th 561, 567.)  The statute must inform a person of ordinary intelligence what conduct is permitted and

3

what conduct is prohibited.  (*People v. Heitzman* (1994) 9 Cal.4th 189, 199.)  "In analyzing whether a statute is sufficiently definite to pass constitutional muster, we look not only at the language of the statute but also to legislative history and California decisions construing the statute."  (*People v. Bamba* (1997) 58 Cal.App.4th 1113, 1120.)

California courts have consistently rejected the claim that section 4502 is unconstitutionally vague on its face.  (*People v. Custodio* (1999) 73 Cal.App.4th 807, 811; *Steely, supra,* 266 Cal.App.2d at pp. 596-597; *People v. Morales* (1967) 252 Cal.App.2d 537, 539-541; *People v. Crenshaw* (1946) 74 Cal.App.2d 26, 27-28.)  These courts have reasoned that section 4502 prohibits prison inmates "from possessing any instrument or weapon of the kind specified in the statute," demonstrating a legislative intent "to protect inmates and correctional staff 'from the peril of assaults with dangerous weapons perpetrated by armed prisoners.' [Citation.]  It applies to instruments that can be used to inflict injury and that are not necessary for an inmate to have in the inmate's possession. [Citation.]" (*Custodio, supra,* at p. 812.)  We follow this unbroken line of authority.  We hold that a 14 inch by 1 inch sharpened piece of hard non-flexible plastic is a sharp instrument proscribed by section 4502.  The statute is not facially invalid.

For similar reasons, we conclude the statute is not unconstitutional as applied in this case.  Appellant had hidden in his mattress a 14-inch long piece of hard, inflexible plastic that had been sharpened to a point and resembled a knife or a short spear.  He also had folded sheet metal and fragments of sharpened metal concealed in his cell.  Any reasonable person, including appellant, would understand that he or she is not

4

permitted to possess such items.  The fact that appellant concealed these objects in his cell demonstrates his understanding that they were prohibited.  (*Steely, supra,* 266 Cal.App.2d at p. 594.)  The statute is not unconstitutionally vague as applied to appellant's conduct.

*Conclusion*

The judgment is affirmed.

CERTIFIED FOR PUBLICATION.


YEGAN, J.

We concur:


GILBERT, P. J.


CODY, J.

Catherine J. Swysen, Judge

Superior Court County of San Luis Obispo

_____

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Sophia A. Lecky, Deputy Attorney General, for Plaintiff and Respondent.