## SCHNEIDER v. ALLES, Ex'x.

No. 18837.  Opinion Filed Feb. 26, 1929.

Rehearing Denied June 4, 1929.

John J. Carney and Paul R. Haunstein, for plaintiff in error.

Dan Huett and C. D. Roseman, for defendant in error.

CLARK, J. This cause presents error from the district court of Garfield county, Okla., wherein Katie Alles, as executrix of the estate of George Alles, deceased, brought suit against August Schneider. For convenience parties will be referred to as they appeared in the trial court.

Plaintiff in the trial court alleged that the defendant was indebted to the estate of George Alles in the sum of $800, evidenced by promissory notes.

The defendant answered pleading payment. Thereafter said cause was tried to a jury, which resulted in a verdict of $630.40. Motion for new trial was filed, overruled, and appeal taken to this court.

On December 14, 1926, this court filed its opinion affirming the decision and judgment of the trial court. On March 23, 1927, mandate was spread of record in the offices of the court clerk of Garfield county, Okla. On July 26, 1927, plaintiff in error filed a petition in said cause in the district court of Garfield county, Okla., wherein he re-

cites that the judgment entered herein was rendered against him by and through fraud, deception, and misrepresentation of plaintiff. He further sets out in his petition that he had paid the administratrix in full, and that if it had not been for fraud practiced upon the said Katie Alles and the court by other persons who influenced the plaintiff to breach her settlement with the defendant. said suit would not have been filed by plaintiff. He further charged that Aleck Meyer, a relative of the said Katie Alles by marriage, was the active cause in causing the said Katie Alles to institute the action against the defendant in the district court in which said judgment was rendered. He also attaches affidavits to said petition, which affidavits were to the effect that some three persons had heard Aleck Meyer say that Katie Alles should file suit against Gus Schneider.

The petition prays that summons be issued to Katie Alles, as executrix of the estate of George H. Alles, deceased; that cause be set down for hearing and that upon hearing, the judgment be rendered in his favor, vacating, annulling, and setting aside the judgment heretofore rendered against him in this cause by fraud and misrepresentation as set forth in his petition.

Demurrer was filed to this petition, which was by the court sustained. Defendant refused to plead further, and the petition was dismissed and judgment rendered for plaintiff.

Defendant brings the cause here for review, assigning as error that the trial court committed error in sustaining the demurrer to the petition of defendant, plaintiff in error; that the trial court committed error in passing upon and sustaining the demurrer to plaintiff's petition without hearing testimony of witnesses of plaintiff in support of his said petition, which testimony plaintiff offered to produce at said trial. Several other assignments of error are contained in the petition in error.

This case can be disposed of on the question of whether or not the trial court committed error in sustaining demurrer to plaintiff's petition to vacate said judgment.

It appears from a careful reading of the petition that it alleges no new fact that was not presented to the trial court in the original case. Payment was pleaded as a defense in the former trial. The attempt to allege fraud and the affidavits attached do not constitute such fraud as would invalidate a judgment, had defendant been able to prove every charge made in the affidavits and in the petition. The affidavits only went to the effect that one Aleck Meyer had insisted that the plaintiff sue the defendant. What induced the plaintiff to sue defendant is immaterial. Plaintiff's right of recovery was an issue in the former trial. The defendant's plea of payment was there adjudicated against him. Defendant's petition, failed to set up anything that would raise a suspicion that judgment was procured by fraud. Demurrer was properly sustained.

In Armstrong v. White, 122 Okla. 78, 251 Pac. 46, this court, in the first paragraph of the syllabus, said:

"Where on a former appeal this court had before it all the issues in controversy and entered its judgment upon the same and issued its mandate to the district court with directions to the district court to enforce such mandate, the district court was then without authority to grant a new trial contrary to the directions stated in the mandate."

This court, in the case of St. Louis & S F. R. Co. v. Hardy, District Judge, 45 Okla. 423, 146 Pac. 38, in the second paragraph of the syllabus, said:

"All questions open to dispute and either expressly or by necessary implication decided on appeal to this court will not be open for review on the second appeal, but such decision becomes the settled law of the case as to all such questions, and is not subject to re-examination."

Where plaintiff files his action in the district court and defendant answers on issues joined, and plaintiff recovers a judgment, defendant appeals to the Supreme Court, and the judgment is affirmed and mandate issued thereon directing the trial court to enforce the judgment, such judgment becomes final, and the district court is without jurisdiction to reopen said cause and retry the issues involved in the former trial.

Petition in the case at bar did not allege extrinsic or collateral fact attacking the judgment or any fraud on the part of the plaintiff which prevented the defendant from having a fair trial of the issues. A judgment must not only determine the rights of the parties in an action, but must conclude all further inquiry into the issues joined by the pleadings and leave nothing further to be done except to carry it into execution.

Judgment of the trial court is affirmed.

LESTER, V. C. J, and HUNT, RILEY,

HEFNER, CULLISON and ANDREWS, JJ., concur.

SWINDALL, J., disqualified, not participating.

Note.—See "Appeal and Error," 4 C. J. §3272, p. 1223, n. 72.