## INTERSTATE POWER CO. v. HUGHES et al.

No. 26347.    Jan. 21, 1936.

Brown Moore, for plaintiff in error.

S. J. Berton, for defendants in error.

PHELPS, J. On February 20, 1934, the city of Cushing held an election to determine whether it should incur indebtedness and issue bonds for erection of an electric

512

power plant. . The election carried in favor of the bonds by a substantial majority. The plaintiff below, plaintiff in error here, filed an action contesting the election, and thereafter on May 15, 1934, this court ordered the trial judge disqualified and another judge was assigned to conduct the trial in his place. The plaintiff then dismissed its action without prejudice. Shortly thereafter, on September 5, 1934, Jack Hughes and others filed the same kind of an action in the same district court, and it is alleged by plaintiff in error that the defendants, constituting the city officials of Cushing, were waiting in the courthouse to be served with summons and that they all filed answers on the day on which the action was filed, and filed their waivers of time in which to answer, and that the trial proceeded to judgment for the defendants before the same judge who had previously been disqualified in the case which had formerly been filed by plaintiff and dismissed by it.

About a month after judgment had been taken against Jack Hughes and others in the above case filed by them, the plaintiff in the old case, who is plaintiff in error here, filed a petition in intervention and motion to vacate the judgment in the Jack Hughes case, alleging that judgment in favor of defendants in said Jack Hughes case had been obtained by fraud and collusion. This petition in intervention was filed in the Jack Hughes case after that case had been appealed. The Hughes Case is reported in 170 Okla. 118, 39 P. (2d) 13. The present plaintiff in error also filed a motion in intervention in this court in the Hughes case in which all of the arguments now presented were advanced and overruled except the one argument hereinafter described.

Plaintiff in error contends that it was error and was acting without jurisdiction for the judge who had been disqualified in its former case to overrule its motion to intervene in the Jack Hughes case. Plaintiff in error cites authorities to that effect which would probably be applicable if the trial judge could have granted the relief prayed for, whether there was a motion pending to disqualify him or otherwise. But it is settled law that if a cause has been appealed to an appellate court, the lower court thereby loses jurisdiction, not only over the cause itself, but also over petitions to intervene, until the mandate has been returned to the trial court by the appellate court. Dooley v. Foreman, 94 Okla. 163. 221 P. 47. That being the case, neither the judge who had

been appointed to hear the action instituted by plaintiff in error, nor the judge who presided in the Jack Hughes case, could have entertained plaintiff in error's petition in intervention after the cause had been appealed to this court. Therefore, if the judge who had been previously disqualified in the action instituted by plaintiff in error, and which action had been dismissed by plaintiff in error, or the judge who presided in the present case, had granted the motion to intervene it would have been a reversible order (according to Dooley v. Foreman, supra), hence it was harmless error when the disqualified judge overruled that motion.

All of the other contentions of the plaintiff in error are discussed in Hughes v. City of Cushing, 170 Okla. 118, 39 P. (2d) 13, and for that reason it is unnecessary to again discuss them in this opinion.

The judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and BUSBY, JJ., concur.