[Civ. No. 46651. Second Dist., Div. Four. Oct. 30, 1975.]

JERRY L. BAKER, Plaintiff and Appellant, v.
CIVIL SERVICE COMMISSION OF SAN LUIS OBISPO
COUNTY et al., Defendants and Respondents.

## COUNSEL

Robert N. Tait, District Attorney, and Jon M. Jenkins for Defendants and Respondents.

Ogle, Gallo & Merzon and Ray A. Gallo for Plaintiff and Appellant.

## OPINION

**KINGSLEY, J.**—Appellant Baker was employed by the County of San Luis Obispo as a deputy sheriff. He was dismissed from his job and he appealed his dismissal to the civil service commission. The commission upheld the dismissal.

Appellant filed a petition for a writ of mandate in the superior court and Judge Howard Crandall held a hearing and denied the writ. Appellant then appealed in 2d Civil No. 43182 and, while that appeal was pending, *Rigsby v. Civil Service Com.* (1974) 39 Cal.App.3d 696 [115 Cal.Rptr. 490] was handed down by this division.

Based on that decision, the appellate court reversed ". . . for the sole purpose of permitting the trial court to exercise its independent judgment on the evidence and then to determine if the findings of the County Civil Service Commission in this matter are supported by the weight of the evidence and if the Commission's decision is otherwise in accordance with the law."

The remittitur was made to San Luis Obispo County Superior Court. That court set it for hearing before Judge Crandall, the same judge who had heard all the earlier proceedings.

On the date set for further proceedings, the appellant served respondent and the trial court with a motion to disqualify Judge Crandall, pursuant to Code of Civil Procedure section 170. The motion was heard and denied by Judge Crandall.

Judge Crandall then reviewed the evidence and prepared findings of fact and conclusions of law. He found that the evidence before the civil service commission supported the charge of wilful disobedience and dishonesty, and that there was no abuse of discretion on the part of the civil service commission in discharging appellant.

Jerry Baker was age 38 in July 1972. He had received a satisfactory rating in the three-year employee evaluation of his service as a police officer. He was dismissed by the sheriff's office, and after an appeal, the civil service commission modified the dismissal to a suspension of duty without pay for one month.

The sheriff then commenced an investigation to ascertain appellant's fitness for duty as a police officer, and to determine whether he truthfully answered questions concerning his background on his employment application. After the investigation, the sheriff discovered that there were some 48 juvenile arrests of appellant not disclosed in the written application for employment.[1] The sheriff also discovered that appellant had been put briefly in a mental health facility when a juvenile, although appellant was promptly discharged as not mentally ill. Also, appellant, when a young man, was admitted to a mental hospital while in the army, and he had a medical discharge. Appellant testified that he believed his discharge was administrative. During the course of the investigation, appellant refused to answer certain questions on the advice of his counsel.

Appellant's first argument is that the motion for disqualification of Judge Crandall (Code Civ. Proc., § 170) requires a hearing before another judge to determine the issues raised, and that such a motion cannot be determined by the judge against whom the motion is directed. However, it is only where the appropriate issue of fact is presented that a judge is prevented from passing on the question of his own disqualification under Code of Civil Procedure section 170, *People* v. *Sweeney* (1960) 55 Cal.2d 27 [9 Cal.Rptr. 793, 357 P.2d 1049]; *People* ex rel. *D. of P. Wks.* v. *McCullough* (1950) 100 Cal.App.2d 101 [223 P.2d 37] and where the statement of disqualification is legally insufficient, the judge may disregard or strike it. (*Neblett* v. *Pac. Mutual L. Ins. Co.* (1943) 22 Cal.2d 393 [139 P.2d 934].) Thus if the motion was not timely made, as Judge Crandall stated in his findings, then it follows that the statement would be legally insufficient and Judge Crandall would not be precluded from

---

[1]Appellant claims there was disclosure.

passing on the question of his own disqualification. But if the statement was timely. and was otherwise legally sufficient. then Judge Crandall erred in passing on his own disqualification.

We will therefore proceed to examine the timeliness of the motion.

We disagree with the court below that the motion was not timely made. ■ Grounds for disqualification of a judge must be raised at the earliest practicable opportunity after discovery of the disqualifying facts. (*People* v. *Purta* (1968) 259 Cal.App.2d 71 [66 Cal.Rptr. 38]: *People* v. *Bogart* (1970) 7 Cal.App.3d 257 [86 Cal.Rptr. 737].) ■ Appellant's declaration alleges that he "first learned of the assignment of Judge Crandall to this case on January 2. 1975." which was the date appellant first made the motion. Judge Crandall had heard the first proceeding while sitting as an assigned judge.[2] Nothing in this record indicates that appellant knew that Judge Crandall was still sitting on assignment nor. if he had that knowledge. that Judge Crandall would be assigned by the superior court to hear this case after the reversal with directions. until the case actually was assigned to Judge Crandall. Under those circumstances. and on this record. we cannot say that appellant's motion to disqualify. made on January 2. 1975. came too late. The matter of disqualification should be raised when the facts are discovered. and in any event. before the matter involved is submitted for decision. A party may not gamble on a favorable decision. (*Rohr* v. *Johnson* (1944) 65 Cal.App.2d 208 [150 P.2d 5].) Here. appellant raised the issue of disqualification at the earliest time he could do so. and therefore his motion to disqualify was timely. Since the motion was timely made. Judge Crandall could not properly pass on his own disqualification under Code of Civil Procedure section 170. unless there were no appropriate issues of fact in the statement. (*People* v. *Sweeney* (1960) 55 Cal.2d 27 [9 Cal.Rptr. 793. 357 P.2d 1049].)

The respondent seeks to support the order denying disqualification only on the ground of lack of timeliness. The argument is that petitioner knew the facts set forth in his motion as early as the time of the first hearing in 1973[3] and. therefore. that the motion was not made at the

---

[2] We take judicial notice that Judge Crandall had earlier retired as a judge of the Los Angeles Municipal Court. He could legally have sat as a judge of the Superior Court for San Luis Obispo County only by assignment by the Chairman of the Judicial Council.

[3] To the contrary. petitioner's notice of motion alleges that he had not discovered facts showing Judge Crandall's bias until after the judge had completed his service in the first trial.

"earliest practicable opportunity." The contention lacks merit. There was no practical reason, or opportunity, for filing a motion in this case until the petitioner knew that Judge Crandall would, in fact, be the judge in this case on the second trial. Although Judge Crandall had sat at the 1973 trial, he was not then a regular judge of that superior court, and there is no evidence that petitioner knew or should have known that Judge Crandall would be reassigned in 1975. The law does not contemplate that a litigant, not knowing which judge will hear his case, file a mass of motions involving judges who may never be assigned to his case.

Judge Crandall's findings (denying his disqualification) recite that the motion was made under section 170.6 of the Code of Civil Procedure. That is an obvious error. Not only was petitioner barred from filing a motion under that section by reason of an earlier motion under that section in 1973, but the 1975 motion expressly states that it is made under section 170. Consequently, Judge Crandall's decision, based as it was on the lack of timeliness, was also in error. As we have pointed out above, the only time limitation on a section 170 motion is that it be filed "at the earliest practicable opportunity" and, as we have held above, that requirement was met by a filing on the very day that Judge Crandall was assigned to hear the case on remand.

Since Judge Crandall was, by the terms of section 170, barred from passing on his own disqualification, he lacked jurisdiction to decide the merits of the mandate proceeding and the judgment must be reversed.

The judgment is reversed.

Files, P. J., and Dunn, J., concurred.