Monte H. GOLDMAN, individually, and as a general partner for the use and benefit of all entities listed on Exhibit "A", d/b/a Goldman Enterprises; Goldman Investments; Goldman Investment Company; Goldco Operating; Monte H. Goldman as former Trustee of Trust No. 928 and as primary, secondary or contingent beneficiary of the trusts listed on Exhibit "A"; and Monte H. Goldman as father and next friend of Meghan Goldman and Leslie Goldman, minors, Appellees,

v.

Alfred D. GOLDMAN, individually and as the former managing general partner of the co-partnership with Monte H. Goldman, and as Trustee and Supervisor of certain trusts for the benefit of Monte H. Goldman, Meghan Goldman, and/or Leslie Goldman; Peter Boatright, indi-

vidually, as officer of the Corporations and Partnerships and Trusts listed in Exhibit "A", and as Trustee and Supervisor of certain trusts for the benefit of Monte H. Goldman, Meghan Goldman and/or Leslie Goldman, Appellants,

and

Frances Boatright, Supervisor of Trusts for the benefit of Monte H. Goldman; Patrick J. Casey, Trustee and Supervisor of certain Trusts for the benefit of Monte H. Goldman, Meghan Goldman and/or Leslie Goldman; John J. Griffin, Trustee and Supervisor of certain Trusts for the benefit of Monte H. Goldman; A. Robert Heiman, Trustee and Supervisor of certain Trusts for the benefit of Monte H. Goldman, Meghan Goldman and/or Leslie Goldman; Robert Greenberg, Trustee of certain Trusts for the benefit of Monte H. Goldman, Meghan Goldman and/or Leslie Goldman; Clarke Randall, Trustee of certain Trusts for the benefit of Monte H. Goldman, Meghan Goldman and/or Leslie Goldman; Roddy Bates; Chris Bolding; Debi Cherry; Jo Ann Nipper; Susie Scharf and Judy Weeks, Defendants.

No. 78,517.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 10, 1992.

Rehearing Denied Jan. 12, 1993.

Certiorari Dismissed Oct. 11, 1994.

James P. Linn, John D. Singleton, Oklahoma City, for appellants.

B.J. Cooper, Oklahoma City, John Edmunds, Honolulu, HI, Kenneth Upton, Edmond, for appellees.

## OPINION

HANSEN, Vice Chief Judge:

Appellants seek review of the trial court's order imposing sanctions for failure to comply with the court's discovery order. The sanctions included, among other things, dismissal of Appellant Alfred Goldman's counterclaims. We reverse and remand.

This action arises from a dispute between two brothers, Appellant Alfred Goldman (Alfred), and Appellee Monte Goldman (Monte), over their respective interests in the considerable property acquired by their father, who is now deceased. To minimize the tax consequences of transfer of this property to his sons, the father used a complex combination of trusts, corporations and partnerships (Goldman enterprises).

Monte initiated the action, seeking an accounting, imposition of constructive trusts and damages for fraud and breach of fiduciary duty. Alfred filed counterclaims, among other things alleging Monte had signed agreements transferring virtually all of his property to Alfred.

Because of the complexity, the trial court bifurcated the proceedings, with the first phase to include an accounting of family assets. The second phase would include determination of the respective interests and disposition of the assets.

During discovery in the first phase of the proceedings, Alfred, the managing partner of the Goldman enterprises, and Appellant Peter Boatright (Boatright), an officer of the enterprises, admitted tape recordings had been made of their conversations with Monte.

In a deposition on May 28, 1990, Boatright acknowledged he had recorded telephone conversations. Some of the tapes had been preserved, but he did not know where they were, "probably in possession of Alfred Goldman". Boatright stated he had reviewed some of the recorded conversations relating to Monte after the tapes had been removed from the Goldman enterprises' offices.

In his deposition on November 1, 1990, Alfred identified a transcript of a taped conversation between Boatright and Monte. Alfred stated there had been other tapes, that he was unsure where they were, and that they may have been lost or destroyed. Alfred's counsel agreed to make the tapes available for inspection and copying without filing of a request for production of document, but noted he would have to locate and review them first.

There followed a series of hearings relating to records of the Goldman Enterprises.

On May 2, 1991, the trial court heard argument on resolving difficulties in deposing Bill Erickson, another officer of the Goldman enterprises. The court orally ordered "all employees and officers of Goldman Enterprises" to provide "all the records of Goldman Enterprise" to "all parties who need them".

On May 8, 1991, Monte's counsel wrote to Erickson and Boatright, citing the trial court's order of May 2, 1991, and requesting a number of documents, including the tape recordings.

The parties returned to court on May 23, 1991, with Monte's counsel again complaining that the tapes, among other documents, had not been delivered. Alfred's counsel stated he suspected a number of the tapes might be in Alfred's possession, but that he had not had the opportunity to inquire. The trial court directed Alfred's counsel to inquire, and to advise the court within seven days.

Alfred's counsel did report to the trial court on May 31, 1991, that "Alfred Goldman has the tapes", and asked the court to allow another week to obtain and review them. The trial court allowed the additional time. One tape was delivered to Monte's counsel. There is nothing in the record to establish any report was made to the trial court on the tapes.

On June 20, 1991, Monte filed a motion for sanctions and an application for citation for indirect contempt of court. Both were directed against Alfred and Boatright, and were based upon their failure to produce the tapes as directed by the court. Monte asked the court to enter such sanctions "as the Court deems appropriate and just".

The trial court heard argument on the motions on August 16, 1991. At that time, Alfred had retained new counsel, who related, apparently for the first time, that the tapes had been stored in the basement of Alfred's house and were destroyed when the basement flooded.

The trial court found it had ordered production of the tapes, or an explanation why the tapes could not be produced, and that this order had been breached by "the defendant". The trial court stated on the record:

If the tapes have been destroyed, which apparently they have been, the only appropriate sanction I can think of in this case that would be fair to both sides would be to strike the defendants' claim concerning the alleged agreement whereby Monte had given to the defendant his interest in this business. And that claim will be stricken and dismissed.

This appeal is brought from the order of the trial court imposing sanctions. Appellants essentially present two arguments— that the trial court's order was improper because it was not presented with a *formal* motion to compel discovery, and that the trial court erred in dismissing Alfred's counterclaims without affording an evidentiary hearing. We find the first argument has no merit, but the second does.

The statutory authority for orders compelling discovery, and for sanctions for failure to comply with such orders, is found at 12 O.S.Supp.1989 § 3237, which is part of the Oklahoma Discovery Code.

Additionally, when the discovery sought is production of documents, including tape and video recordings, 12 O.S.Supp.1989 § 3234 provides that the party submitting the request may move for an order under subsection A of § 3237 with respect to failure to respond to the request or any part thereof.

■ Section 3237 does not expressly require a motion to compel by a party. This Court has, however, found the discovering party must first "move for and obtain an order compelling" discovery before it can request sanctions from the court. *Hill v. Pierce Mobile Homes, Inc.,* 738 P.2d 1380 (Okla.App.1987).

■ Section 3237(A), which sets out the procedure for a motion to compel, does not dictate the form of such a motion. The form for motions is found at 12 O.S.Supp.1984 § 2007(B), which directs that:

An application to the court for an order shall be by motion which, *unless made during a hearing or trial,* shall be made in writing ... (emphasis added).

Appellees' motion to compel, while made orally, was made during a hearing before the trial court in which the action was pending. Our review of the record reveals Appellees' request to the trial court, asking that Appellants be compelled to produce the tapes, was clear, and that the court, Appellants and Appellees all understood what was be requested. Appellees' motion to compel discovery was statutorily adequate.

On the other hand, we find the trial court's denial of Appellants' request for an evidentiary hearing is erroneous. After the trial court gave its reasoning, from the bench, for imposing sanctions, Alfred's counsel urged the trial court to take evidence, rather than base its decision on argument of counsel. Counsel argued:

I believe there are facts here that are not coming out about who knew what about the tapes, at what point in time, and who had conversations with their counsel at particular points in time. And unfortunately Mr. Edwards [Appellant's former counsel] is not here today, Your Honor.

In denying Appellants' request for an evidentiary hearing, the trial court replied:

I don't need that. I've ordered it and I've ordered it and I've ordered it. And it has not been complied with. Alls (sic) you had to do was write down, "They've been destroyed." You didn't do it.

The only thing I can do is sanction you at this time. And that's simple—that's a simple sanction, it takes away that particular cause of action dealing with what the two brothers have talked about in the past.

■ While § 3237(B)(2)(c) authorizes the trial court to dismiss an action, or any part thereof, for violation of an order compelling discovery, the United States Supreme Court has held the trial court may not exercise this authority without affording a party the opportunity for a hearing on the merits of the cause. *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).

In *Societe Internationale,* the Supreme Court quoted from its previous decision in *Hammond Packing Co. v. State of Arkansas,* 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909), where it found:

All the State had required "was a *bona fide* effort to comply with an order ..., and therefore any reasonable showing of an inability to comply would have satisfied the requirement ..." (emphasis in original).

 By denying Appellants' request for an evidentiary hearing, the trial court precluded any possibility of Appellants' "reasonable showing of an inability to comply". We note Appellant Alfred Goldman was present at the time the trial court imposed sanctions, and that even Appellees had asked the court to call Alfred for cross examination when counsel was making argument about destruction of the tapes in the flooded basement.

That Appellants did not produce the tapes is uncontroverted. But whether Appellants' noncompliance may have been excused by inability was a question of fact to be determined by the court upon a proper evidentiary hearing. Counsels' arguments did not provide a sufficient basis for that determination, nor does it appear the trial court looked beyond Appellants' bare noncompliance before dismissing Alfred's counterclaims.

In the absence of an adequate evidentiary base, we decline to consider Appellants' contention that the sanction of dismissal was inappropriately severe.

The order of the trial court imposing sanctions on Appellants is REVERSED and this matter is REMANDED to the trial court for further action consistent with this opinion.

HUNTER, J. concurs.

JONES, Judge concurring in part; dissenting in part:

T. 12 O.S. 3237(B)(2)(c) authorizes the sanction imposed by the trial court. *Societe Internationale* is not controlling here. The trial court ordered production, and noted that a written reply stating the material had been destroyed would have satisfied the production order. No hearing is thus necessary to prove a reasonable inability to comply. The trial court's sanction is directed to fail-ure to respond in *any fashion*, and not to inability to comply.