Monte H. GOLDMAN, individually, and as a general partner for the use and benefit of all entities listed on Exhibit "A", d/b/a Goldman Enterprises; Goldman Investments; Goldman Investment Company; Goldco Operating; Monte H. Goldman as former Trustee of Trust No. 928 and as primary, secondary or contingent beneficiary of the trusts listed on Exhibit "A"; and Monte H. Goldman as father and next friend of Meghan Goldman and Leslie Goldman, minors, Plaintiffs–Appellees,

v.

Alfred D. GOLDMAN, individually and as the former managing partner of the copartnership with Monte H. Goldman, and as Trustee and Supervisor of certain trusts for the benefit of Monte H. Goldman, Meghan Goldman, and/or Leslie Goldman; Peter Boatright, individually, and as officer of the Corporations and Partnerships and Trusts listed in Exhibit "A", and as Trustee and Supervisor of certain trust for the benefit of Monte H. Goldman, Meghan Goldman and/or Leslie Goldman, Defendants–Appellants.

No. 78517.

Supreme Court of Oklahoma.

Oct. 11, 1994.

James P. Linn, John D. Singleton, Linn & Helms, Oklahoma City, for appellants Alfred D. Goldman.

B.J. Cooper, William C. Devinney, Kenneth D. Upton, Jr., Oklahoma City, John Edmunds, Edmunds and Verga, Honolulu, HI, for appellees Monte H. Goldman.

OPALA, Justice.

This cause is before us for consideration of *joint motion "to withdraw application for certiorari"*. The relief sought includes *dismissal* of the appeal and withdrawal of the appellate court's opinion from publication. The motion informs us that (1) the parties have reached a settlement which "disposes of the issues on appeal" and *has been approved by the trial judge;* (2) the Court of Appeals reversed the nisi prius sanctions order by a published opinion which became final when rehearing was denied on January 12, 1993 (883 P.2d 181); and (3) the petition for certiorari, timely filed on February 1, 1993 and granted by this court's order of May 25, 1993, is presently pending.

### A

Because the process invoked is fraught with potentially fatal infirmities, we

cannot grant the exact relief sought. At the outset we note that a nisi prius settlement approval effected while the issues in controversy remain pending on review in an appellate court is *coram non judice.*[1] *In a case pending on appeal or on certiorari, a district court's exercise of judicial power with respect to issues that are tendered for review in the appellate forum is void on the face of the nisi prius record if it occurs before mandate has been transmitted to revest the trial court with subject matter jurisdiction of the suit.*[2] We hence caution counsel *to retender* the parties' earlier settlement for a *post-mandate approval by the trial judge and for that approval's memorialization to be spread of record below.*

## B

■ Our next concern is with the parties' joint request for (a) a post-decisional dismissal of the appeal and for (b) withdrawal of the *published* Court of Appeals' opinion.

■ The request is advanced *sans* explanation or grounds. We must decline to set aside the decisional product of an appellate court when no compelling reason is apparent and no legally tenable ground has been urged.

We grant the joint motion now before us *only insofar* as it seeks *dismissal* of the appellees' pending petition for certiorari. We leave the appeal and the dispositive opinion undisturbed but remand the cause to the trial court with leave (a) to re-proceed, *after*

mandate, with the parties' joint quest for an agreed vacation of the order here under review and (b) for that order's record replacement by the settlement agreement that is to be retendered for approval. We deny the relief insofar as the parties seek a post-decisional dismissal of the appeal and a withdrawal of the Court of Appeals' opinion.[3] The opinion promulgated in this case by the Court of Appeals shall accordingly stand published by order of that court and shall remain unaffected by today's action.

**ON JOINT MOTION BY THE PARTIES, PETITION FOR CERTIORARI IS DISMISSED AND THE CAUSE IS REMANDED TO THE TRIAL COURT WITH LEAVE (A) TO RE-PROCEED, *AFTER MANDATE,* WITH THE PARTIES' JOINT QUEST FOR AN AGREED VACATION OF THE ORDER HERE UNDER REVIEW AND (B) FOR THAT ORDER'S RECORD REPLACEMENT BY THE SETTLEMENT AGREEMENT THAT IS TO BE RETENDERED FOR THE TRIAL COURT'S APPROVAL.**

HODGES, C.J., LAVENDER, V.C.J., and ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

HARGRAVE, J., concurs in result.

SIMMS, J., concurs in part and dissents in part.

---

**1.** *See Board of Law Library Trustees v. State,* Okl., 825 P.2d 1285, 1291 (1991); *Spain v. Kernell,* Okl., 672 P.2d 1162, 1164–1165 (1983); *Bryan v. Seiffert,* 185 Okl. 496, 94 P.2d 526, 531–532 (1939) (the court's syllabus ¶ 6). A case is said to be *coram non judice* when the court in which it is brought has no jurisdiction to settle the dispute. BLACK'S LAW DICTIONARY at 305 (5th ed. 1979).

**2.** For the general rule stated in the text see *Interstate Power Co. v. Hughes,* 175 Okl. 511, Okl., 53 P.2d 1096, 1097 (1936); *Wagoner Oil & Gas Co. v. Goad,* 136 Okl. 29, Okl., 275 P. 1036, 1037 (1929); *Sandlin v. Gragg,* 133 F.2d 114, 118 (10th Cir.1943); the narrow exceptions to this rule are enumerated in Rule 1.31, Rules on Perfecting a Civil Appeal, Ch. 15, App. 2 (1994).

**3.** When a dispute becomes moot while still standing before an appellate court, either through

settlement by the parties or for other reasons, the then-extant appellate pronouncement will sometimes be *vacated,* often in response to a motion by one or by all the parties. In federal practice this is referred to as *routine vacatur.* BLACK'S LAW DICTIONARY at 1388 (5th ed. 1979). The practice is *controversial* because it diminishes the pool of published decisions that could stand as precedents for similar disputes. The availability of *routine vacatur* will be argued before the U.S. Supreme Court in this (1994–1995) term of Court [U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, —— U.S. ——, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)]. *See in this connection Karcher v. May,* 484 U.S. 72, 82, 108 S.Ct. 388, 395, 98 L.Ed.2d 327 (1987); *cf. U.S. v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950).