1998 OK CIV APP 86

Kenneth L. BELT, Appellant,

v.

STATE of Oklahoma ex rel. DE-
PARTMENT OF PUBLIC
SAFETY, Appellee.

No. 90304.

Court of Civil Appeals of Oklahoma,
Division No. 2.

May 26, 1998.

Ronald L. Wallace, Oklahoma City, for Appellant.

Earl L. Reeves, Jr., Oklahoma City, for Appellee.

## MEMORANDUM OPINION

GOODMAN, Presiding Judge.

■ This is an appeal from a district court order in which the court rescinded a previous order granting a licensee modified driving privileges. The issue is whether a district court, which has granted modified driving privileges to an offender of our implied consent laws, retains continuing jurisdiction over the licensee, after appellate mandate has been issued, to allow the court to rescind the modification order based upon a subsequent, unrelated alleged violation of the implied consent laws by the licensee. Based upon our review of the record and applicable law, we hold it does not. The order is reversed, and the matter is remanded with instructions.

I

Licensee Kenneth Lyndon Belt was arrested July 27, 1995, and March 30, 1996, in Oklahoma County, for driving under the influence of alcohol. At the time of arrest, he refused to take a chemical test. He was given an "Officer's Affidavit and Notice of Revocation" informing him his driver's license would be revoked under Oklahoma's Implied Consent Law. He requested a hearing before the Department of Public Safety, which revoked his driver's license.

Belt appealed both revocations in district court. Eventually, the revocation of his driver's license for one year became final. Belt then sought modified driving privileges under 47 O.S. Supp.1996, § 755, alleging a total revocation would cause an extreme and unusual hardship upon his ability to earn a living. Based upon evidence presented at the modification hearing November 20, 1996, the trial court granted Belt a modified license with strict limitations on December 23, 1996. Belt filed Appeal No. 88,785, January 21, 1997, alleging the district court had abused its discretion in refusing to grant him broader driving privileges.

In an opinion filed June 24, 1997, this court affirmed the trial court's order, but remanded the matter for the limited purpose of directing the trial court to enter an order nunc pro tunc conforming the written order with the court's pronounced adjudication of a particular issue as reflected by the transcript of the proceeding. Court of Civil Appeals mandate was issued July 24, 1997.

On January 10, 1997, however, Belt had been arrested again for driving under the influence of alcohol. Once again, he refused to submit to a breath test after being requested to do so, and after being informed his driver's license would be revoked if he refused. A hearing officer for the Commissioner of the Department of Public Safety issued an order May 22, 1997, revoking Belt's driver's license for 180 days. Belt appealed to the district court, alleging the revocation imposed a hardship on him, and the order should be modified to permit him to drive for work-related purposes. The trial court held a hearing on the matter July 22, 1997, and sustained the administrative revocation of Belt's driver's license without modification

for limited driving privileges.[1]

On July 29, 1997, the Department filed a motion in district court to rescind the modification order in Appeal No. 88,785, which we had affirmed and remanded to the trial court with limited instructions. The trial court held a hearing August 14, 1997, at which time the Department first moved to spread the Court of Civil Appeals mandate of record. The court granted the motion, stating: "I will sustain [sic] that motion, which, of course, then gives me *jurisdiction to hear additional issues on this case.*" (Emphasis added.) The court proceeded to hear the Department's motion to rescind the modification order. The Department argued:

> The order, Your Honor, was the 23rd of December of '96. In the hearing ... that occurred on November 20th of '96, the Court made several comments concerning the issuance of this modification. Number one, appearing on page 34 of the transcript that, "If you don't grow up here today, this," as far as this Court, "would be your last chance, so I guess your best bet is don't appear in front of me again," similar comments encouraging the licensee to remain alcohol free.
>
> Page 37, "If you're driving any other vehicle without the interlock device, this work modification will be revoked as well. Just bring it in to me and I'll revoke it in a New York minute. I can tell you that right now."
>
> And then on page 41, the Court made the comment, "It's up to you to prove that you can stick to it and I wish you luck in that endeavor."
>
> Unfortunately, Mr. Belt wasn't able to stick with it, because although the ... order was issued on the 23rd of December of '96, he was next arrested on January [10th], '97, and refused the State's chemical test. That was subsequently appealed [to the district court] and a modification was denied. . . .
>
> The department submits—and this matter was remanded back to the Court with instructions, and there was [sic] instructions concerning a little more specific detail on the modification order, but the department would ask the Court to rescind that modification order in total, this being in the interest of public safety.
>
> . . . .
>
> Also in the Court's order of the 23rd of December, there's a provision in there of the Department reporting to the Court should there be any violation of the terms of the modification. Mr. Belt did have driving privileges, because the modification was stayed [p]ending the appeal. . . . [S]ince Mr. Belt has had two situations come up subsequent to the Court's issuance of the modification, that that modification, based on his subsequent behavior, would not be in the best interest of public safety, and we would ask that the modification as previously granted be withdrawn.

The Department admitted it did not have specific statutory authority to support its argument, but contended that under 47 O.S. Supp.1997, § 755, "because there the Court is given authority to grant a modification ... I would submit ... that in the power to grant that modification, the Court also has the power to rescind it."

Belt first moved the court to summarily deny the Department's motion for failure to comply with District Court Rule 4, 12 O.S. Supp.1997, ch. 2, app., because "no authority or citations were contained in the State's application [and] I believe the reason that there are no authorities or citations is because none exist for this, Your Honor." The court overruled Belt's motion. Next, Belt argued:

> I believe that the order of modification entered by the Court was a final order, and the only way it can be addressed at this point is by appeal. I don't believe this Court, and I respectfully say this, Your Honor, has jurisdiction to rescind an order once it's come back from appeal.[2]

The Department responded, arguing:

---

**1.** On August 15, 1997, Belt filed Appeal No. 89,904, alleging the trial court abused its discretion in denying his request. We affirmed the trial court's order in an opinion filed February 10, 1997. We denied Belt's petition for rehear-

ing March 23, 1997. Court of Civil Appeals mandate was issued in the matter April 24, 1997.

**2.** Belt further argued: "I don't see where this Court has jurisdiction under the statute to re-

Now, there's information available to the Court which wasn't available to the appellate Court, but just by the very nature of the last holding on page six of the [Court of Civil Appeals] opinion [in Appeal No. 88,785], it would indicate to me that if a Court can enter an order nunc pro tunc, it can certainly consider now the Department's motion to rescind, and that that decision would be within the Court's discretion.

The court took the matter under advisement, and reconvened the parties August 28, 1997, at which time the court stated:

The Court finds that, not only pursuant to statute, but pursuant to other case law, not necessarily in the area of driver's license modifications, but in other areas regarding the finality of judgments, that it is within the inherent power of this Court to rescind the modification order previously entered in this case, and that it is the Court's intention to do so in this case.

The trial court filed its order rescinding the modification order September 30, 1997. Belt appeals.

## II

■ Belt first contends "the trial court erred in even considering" the Department's motion because it violated District Court Rules 4(c) and (d), 12 O.S. Supp.1997, ch. 2, app., which state in relevant part:

Every motion shall be accompanied by a concise brief or a list of authorities upon which movant relies . . . .

. . . .

If the motion does not comply with the requirements . . . above, the motion shall be denied without a hearing. . . .

■ The record before us, however, does not contain the Department's July 29, 1997, Motion to Rescind Modification Order as part of the appellate record. An appellant bears the total responsibility for including in the appellate record all materials necessary to secure corrective relief. *Hulsey v. Mid–America Preferred Ins. Co.,* 1989 OK 107, 777 P.2d 932. Legal error may not be presumed by an appellate court from a silent record. *Hamid v. Sew Original,* 1982 OK 46, 645 P.2d 496. Whenever the appellate record does not include evidence necessary to support a proposition of trial court error, a presumption arises that the court's decision was responsive to the proof adduced. *Gilkes v. Gilkes,* 1964 OK 28, 389 P.2d 503. Belt has failed to present an appellate record sufficient to support his first proposition of error.

## III

Belt contends "the trial court had no authority to modify its final order." The argument is that once the trial court's order granting modified driving privileges had been appealed, and mandated, the trial court was without authority to vacate, rescind, or modify its terms. We agree.

■ It is fundamental that a trial court may correct, open, modify, or vacate a judgment "not later than thirty (30) days after the judgment, decree or appealable order prepared in conformance with Section 696.3 . . . has been filed with the court clerk." 12 O.S. Supp.1997, § 1031.1. After that time, the court is without authority to alter the terms of its judgment. It is equally well settled that the jurisdiction of the trial court is suspended while a cause is pending on appeal, until mandate has been issued by an appellate court. *Interstate Power Co. v. Hughes,* 175 Okla. 511, 53 P.2d 1096 (1936).

■ The authority of a trial court to act after mandate by an appellate court is dependent upon the appellate disposition of the matter. When a cause is *reversed and remanded* by the appellate court, and the mandate is received and entered of record by the trial court, the trial court is vested with jurisdiction to make any order or enter any judgment in the further progress of the cause not inconsistent with the decision of the appellate court, and in making such orders, the trial court has jurisdiction to interpret the decision and mandate of the appellate court. *Berland's Inc. of Tulsa v. Northside Village Shopping Ctr.,* 1968 OK

scind the order once the appeal time has run in reference to it. And the other order, Your Honor, that was entered on July 22nd, the appeal time has not run on that order either."

136, 447 P.2d 768. However, when the appellate court *affirmed* the appealed order, and the decision on appeal is a complete determination of the issues involved, the trial court is duty bound to execute the mandate of the appellate court by entering judgment in accordance with the law as stated in the appellate opinion. *Marshall v. Cantrell*, 205 Okla. 192, 236 P.2d 262 (1951). When the appellate court remands the matter to the trial court with specific instructions for further proceedings, the trial court's authority to act is limited by those instructions. *Crews v. Bird*, 141 Okla. 143, 285 P. 132 (1929). After affirmance on appeal, and issuance of mandate, the lower court is without jurisdiction to reopen the cause other than to comply with the appellate mandate. *Cartwright v. Atlas Chemical Industries*, 1981 OK 4, 623 P.2d 606; *Schneider v. Alles*, 137 Okla. 41, 277 P. 921 (1929).

■ Although the Department's public-policy argument seems, at first blush, an attractive analysis for resolving this matter, we are not persuaded that it permits us to disregard these well-settled principles of law. We are also not persuaded by the Department's argument that because the trial court stated on the record its intention to rescind the modification order if Belt again violated our implied consent laws, and ordered the Department to inform the court of any subsequent offense, that carrying out that intention makes an impermissible exercise of authority by the trial court permissible. Simply put, upon receiving our opinion affirming the order in Appeal No. 88,785, and upon issuance of the mandate in the matter, the trial court was compelled to issue an order nunc pro tunc as instructed by the opinion.

We hold the court erred in considering new evidence unrelated to the issues settled on appeal. This is especially so because the alleged offense upon which the trial court based its erroneous order to rescind Belt's modified driving privileges was itself stayed pending an appeal to this court. We understand the trial court's desire to take firm action in dealing with offenders of our implied consent laws, such as Belt, who repeatedly demonstrate utter disregard for public health and safety. Belt's modified driving privileges are certainly subject to forfeiture, but not within the confines of this proceeding. *See, e.g., In re Lehman*, 1979 OK 27, 591 P.2d 700. The trial court's action in this matter constituted legal error. The order is reversed, and the matter is remanded with instructions to issue an order nunc pro tunc as instructed in Appeal No. 88,785.

REVERSED AND REMANDED WITH INSTRUCTIONS.

TAYLOR, C.J., and BOUDREAU, J., concur.

