2012 OK 56

**CEJA CORPORATION and Federal Insurance Company,
Petitioners,**

v.

**Jeff McWHORTER and The Workers' Compensation Court,
Respondents.**

**No. 109,244.**

Supreme Court of Oklahoma.

June 12, 2012.

¶ 0 **ORDER REQUIRING JOINT MOTION TO STAY PROCEEDINGS PENDING SETTLEMENT IN WORKERS' COMPENSATION COURT, DENYING**

**MOTION TO DISMISS REVIEW PROCEEDING, AND DENYING REQUEST TO VACATE OPINION OF THE COURT OF CIVIL APPEALS**

¶1 The Court of Civil Appeals issued an opinion herein and this Court previously granted a petition for certiorari to the Court of Civil Appeals. After certiorari was granted, Petitioners filed a motion to dismiss the proceeding for review for the purpose of "reinstating the order of the Workers' Compensation Court En Banc." Respondent joins in the Petitioners' motion "provided that the dismissal of the appeal will also result in the vacation of the prior [o]pinion of the Court of Appeals in this matter." Petitioner has an implied request for withdrawal or vacation of the appellate opinion and Respondent has an express request for the same relief. The opinion of the Court of Civil Appeals "vacated in part" the order of a three-judge panel of the Workers' Compensation Court.

¶2 The Rules of this Court provide for settlement in the Workers' Compensation Court during review of a Workers' Compensation Court order in this Court.

Rule 1.106 Agreed Settlement Pending Review

An agreed settlement may be approved by the Workers' Compensation Court while a petition for review is pending in this Court. The Workers' Compensation Court is responsible for filing, forthwith, a copy of the approved settlement order, bearing the Supreme Court number, in this Court. That filing shall constitute a dismissal of the pending review without further order of this Court.

12 O.S.2011 Ch. 15, App. 1, Okla. Sup.Ct. R. 1.106.

The Workers' Compensation Court has not notified this Court of any settlement.

¶3 We observed in *Jobe v. American Legion # 7*, 2001 OK 75, 32 P.3d 860, that all compensation-law settlements require judicial approval of the Workers' Compensation Court. *Id.* at ¶19 & n. 23, 32 P.3d at 867. The parties must present their quest for settlement to the Workers' Compensation Court. Therefore, the motion to dismiss and response seeking similar but conditional relief based upon a settlement *in this Court* are denied.

¶4 In appeals from District Courts, Supreme Court Rule 1.37(a)(10) provides:

(10) When the parties to a cause pending on appeal or on certiorari have agreed to a settlement of the claim and their agreement requires the trial court's approval, the parties may file in the Supreme Court a joint motion (a) for an order staying further proceedings for a period to be specified and (b) for leave to proceed before the trial court to secure approval of the settlement. If settlement is approved, a certified copy of the trial court's order attached to a joint motion should then be brought in this court for dismissal of the appeal or certiorari.

An approved settlement need not and shall not be submitted for this court's review in the pending appeal. If a dispute should arise over the correctness of the trial court's settlement approval or over any of its terms, and corrective relief be sought, it must be by a timely-perfected appeal from the trial court's order that resolved the parties' settlement dispute. *Goldman v. Goldman*, 883 P.2d 164 (Okla. 1994).

This Rule is not applicable to review of Workers' Compensation Court orders. However, some of the requirements in this rule should be applicable when parties seek to settle a compensation claim.

¶5 Settlements must be approved by the Workers' Compensation Court. Parties seeking to settle a compensation claim may file a joint motion in the appellate court for an order staying proceedings for a period to be specified in the motion. The parties need not seek leave from the appellate court to proceed with settlement before the Workers' Compensation Court because "an agreed settlement may be approved by the Workers' Compensation Court while pending in this Court." Rule 1.106. The Workers' Compensation Court is responsible for filing in this Court a copy of the approved settlement order that bears the Supreme Court number. *Id.* That filing shall constitute a dismissal of

the pending review without further order of this Court. *Id.*

¶6 In *Goldman v. Goldman,* 1994 OK 111, 883 P.2d 164, we declined a similar request to withdraw an opinion of the Court of Civil Appeals. We stated therein that "no compelling reason is apparent and no legally tenable ground has been urged." *Id.* 883 P.2d at 166. The parties' requests for vacation or withdrawal of the appellate opinion is denied.

¶7 Because this Order addresses a first impression issue concerning Rule 1.106 and joint motions to stay pending settlement in this Court, we provide the parties herein with an opportunity to follow the procedure outlined herein.

¶8 If the parties desire to settle, then within thirty (30) days of the date of this Order they shall (1) commence proceedings in the Workers' Compensation Court for settlement, and (2) file a joint motion in this Court seeking a stay of the review in this Court because proceedings for settlement have been commenced in the Workers' Compensation Court. The joint motion for a stay in this Court must state a specific amount of time the review proceeding should be stayed. Upon settlement the Workers' Compensation Court is responsible for filing in this Court a copy of the approved settlement order.

¶9 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 11th DAY OF JUNE, 2012.**

¶10 ALL JUSTICES CONCUR.